STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT, v. MICHAEL V. LAINO, DEFENDANT-RESPONDENT, AND ARLENE LAINO; FIRST PEOPLES BANK OF NEW JERSEY, A CORPORATION OF NEW JERSEY; MICHAEL V. LAINO ASSOCIATES, INC., A CORPORATION OF NEW JERSEY; KAUTZ PRINTING & COPY SERVICE, INC., A CORPORATION OF NEW JERSEY; WAYNE BUSER, DOING BUSINESS AS WAYNE BUSER AUTO BODY; N M I MANUFACTURING AND DISTRIBUTING CORP., A CORPORATION OF PENNSYLVANIA, NOT AUTHORIZED TO DO BUSINESS IN NEW JERSEY; TOWNSHIP OF DELRAN, IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued April 11, 1984—Decided May 7, 1984.

---

[4]Plaintiff does not assert liability in this action against ADI except on the judgment.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Patricia D. Connelly,* Deputy Attorney General, argued the cause for appellant *(Irwin I. Kimmelman,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

*Frederick W. Hardt* argued the cause for respondent *(Sever & Hardt,* attorneys).

The opinion of the court was delivered by

FURMAN, J.A.D.

The State appeals from a condemnation award of $95,000, the difference between the stipulated value of $100,000 after taking and the value of $195,000 before taking which was arrived at by the trial judge sitting without a jury. We are constrained to reverse and remand.

In his written opinion after a three day trial the trial judge stated:

Each side presented one expert appraiser having equal credentials. Both agreed that the market value approach was the one which counted. The State's appraiser used three comparable sales to establish value, the defendant's appraiser used six. Two of the sales were used by both appraisers. There is no satisfactory basis for choosing a value which falls outside of either appraiser's ultimate figure without the court's substitution of its own non-expert judgment for that of the expert witnesses, a substitution which would not be proper. Consequently, one figure or the other must be accepted. The choice depends upon the determination of the quality of each opinion as shown by the facts, the approaches of each appraiser, the accuracy of basic information, the validity of approach theories and the application of elementary logic.

The trial judge adopted the owner's appraiser's value of $195,000 and rejected the State's appraiser's value of $145,000. That result would be sustainable as an independent judgment of the trial judge, but must be reversed because of his erroneous understanding that his fact finding role was limited to choosing between the two conflicting appraisals. As set forth in *Port of N.Y. Authority v. Howell,* 59 *N.J.Super.* 343, 349–350 (Law Div.1960), aff'd 68 *N.J.Super.* 559 (App.Div.1961):

All real estate is considered unique and its value is the subject matter of special study and knowledge. It is a subject little known to the public generally, hence we must seek the aid of opinion evidence of experts in the real estate field to assist in solving the problem of what sum will represent just compensation for a particular parcel of land as of a given time. The testimony of such experts is entitled to respect. Their testimony must, however, be submitted to the judgment and consideration and be weighed by the trier of the facts as part of the evidence in connection with the other facts in a particular case. The office of the testimony of experts is to aid and assist the trier of the facts, not to dominate or control him in the decision of the disputed question. Their opinions are deductions from the evidence and do not conclude the trier of the facts. He is required upon his own responsibility to decide the question after a comparison and consideration of all of the evidence aided by the expert opinions if, in fact, those opinions do give any aid and assistance; [citations omitted].

On Motion for reconsideration the trial judge conceded that he had had the option of choosing between the conflicting appraisals but that "in the setting provided in this case, I did not see how I could make some in between judgment without really being arbitrary, without making all the adjustments the arbitrators make themselves, whether I did it percentage-wise or any way."

We disagree factually. On the record there was ample support for the exercise of the trial judge's independent judgment in evaluating differences, such as location and lot and building dimensions, between the comparable properties and the subject property. In addition alternative appraisals between $145,000 and $195,000 were in evidence, $160,000 based on the cost approach according to the State's expert and $157,717 based on the income capitalization approach according to the owner's expert.

We reverse and remand for a new trial.